## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**KATRINA S. HULL,**

     **Plaintiff,**

**v.**                                **CASE NO. 5:14-cv-135-RS-CJK**

**BRI SHARKY'S, LLC, d/b/a**
**SHARKY'S BEACH CLUB,**

     **Defendant.**

_____/

## ORDER

Before me are the Defendant's Motion to Dismiss Plaintiff's Complaint, with Prejudice (Doc. 8) and the Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss (Doc. 9).

Katrina Hull is suing her employer, Sharky's, for violations of the Equal Pay Act and for unpaid wages. I find that the complaint fails to state any cognizable claim against Sharky's, and it is dismissed with leave to amend to correct its deficiencies.

## I.      STANDARD OF REVIEW

To overcome a motion to dismiss, a plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven

consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984). I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff. *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000) (citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999)).

## II.   <u>BACKGROUND</u>

The allegations set forth in the complaint are minimal, but I take them as true at this stage in the litigation.

Plaintiff Katrina Hull was hired as a manager at Defendant Sharky's bar and restaurant in Panama City Beach, Florida. (Doc. 1 at 2). She was paid hourly. *Id.* She allegedly was paid less than men for equal work, and female managers at Sharky's allegedly received lower bonuses than men. *Id.* After learning about the pay gap and complaining about it, Hull was fired. *Id.*

Hull now brings suit alleging violations of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), and retaliation under the EPA, as well as a common law claim for unpaid wages. Sharky's now moves to dismiss for failure to state a claim.

### III.   <u>ANALYSIS</u>

#### a.      *Equal Pay Act Violations*

Under 29 U.S.C. § 206(d), it is illegal for an employer to pay women lower wages than men for doing the same work without a valid, gender-neutral reason for the pay discrepancy. To make out a prima-facie case for of an Equal Pay Act violation, the plaintiff must show that an employer pays different wages to employees of opposite sexes for equal work on jobs requiring equal skill, effort, and responsibility, which are performed under similar working conditions. *Irby v. Bittick*, 44 F.3d 949, 954 (11th Cir. 1995) (quoting *Corning Glass Works v. Brennan,* 417 U.S. 188, 195, 94 S.Ct. 2223, 2228, 41 L.Ed.2d 1 (1974)). At the motion to dismiss stage, although the complaint does not need to allege facts sufficient to make out a prima facie case, it must provide enough factual matter, taken as true, to suggest intentional discrimination. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008).

Here, the only allegations of EPA violation in the Hull's Complaint are that

"9. Sharky's paid plaintiff, a woman, less than men for equal work which required equal skill, effort, and responsibility and which was performed under  similar working conditions.

10. Additionally, defendant had a practice of giving larger bonuses to male managers than female managers despite the fact that their work required equal skill, effort, and responsibility and was performed under similar working conditions."

(Doc. 1 at 2). These bare-bones factual allegations do not rise to the level of a suggestion of intentional racial discrimination. Rather, these allegations are mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action*." Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). In order to state a claim, Hull must at least describe factual material that demonstrates the character of her work and responsibilities and how her work was similar to that of men. The facts alleged musts show that her action has more substance than a mere recitation the elements of an EPA claim. Any other outcome would make it far too easy to bring frivolous claims into the costly discovery process. *See Twombly*, 550 U.S. at 558, *quoting Associated Gen. Contractors of Cal., Inc. v. Carpenters,* 459 U.S. 519, 528, n. 17, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983) ("[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.")

I find this complaint to be similar to the complaint at issue in *Arafat v. Sch. Bd. of Broward Cnty.*, 549 F. App'x 872, 875 (11th Cir. 2013), in which the Eleventh Circuit affirmed dismissal of a similarly factually underdeveloped EPA complaint. Other circuits and district courts have consistently dismissed similar

complaints. *See Muldrew v. Joseph McCormick Const. Co.*, No. CIV.A. 14-27, 2014 WL 3890336, at *7 (W.D. Pa. Aug. 8, 2014) (collecting cases).

Hull's complaint is therefore dismissed with leave to amend.

### b.    *Equal Pay Act Retaliation*

Hull also asserts a claim under 29 U.S.C. § 215(a)(3) for retaliation for firing her after she complained about the alleged pay discrepancy.  A prima facie case of retaliation establishes three elements: (1) statutorily protected conduct; (2) adverse employment action; and (3) a causal relation between the action and the protected expression. *Williams v. Motorola, Inc.*, 303 F.3d 1284, 1291 (11th Cir. 2002).

Hull's retaliation claim fails for the same reasons as her EPA claim. She alleges only that she was terminated after she "complained about defendant's discriminatory pay practices." (Doc. 1 at 2). She does not describe the substance of her complaint, to whom it was made, or any other factual circumstances beyond a bare recitation of the elements of retaliation.

Her claim is again dismissed with leave to amend.

### c.    *Unpaid wages*

Hull also brings a state law claim for unpaid wages. Florida law recognizes such a claim. *See, e.g., Richey v. Modular Designs, Inc.*, 879 So. 2d 665 (Fla. Dist. Ct. App. 2004). Florida law awards attorneys' fees to the prevailing party in such actions. *See* Fla. Stat. § 448.08.

However, with respect to the unpaid wages claim, the complaint states only that at times "defendant would have plaintiff perform managerial duties and responsibilities but then compensate her at a lower hourly rate than what she was to earn as a manager." (Doc. 1 at 5). This vague description is not sufficiently descriptive or specific to put Sharky's on notice about what wages it still owes to Hull. Hull has not pleaded sufficient factual content to allow me to "draw the reasonable inference that [Sharky's] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

This claim is again dismissed with leave to amend.

### d.    *Dismissal*

Sharky's, without citation to any authority, boldly asks that Hull's Complaint be dismissed with prejudice. However, dismissal with prejudice should only come where it is clear that the plaintiff can prove no set of facts in support of the claims in the complaint. *Taylor v. Sullivan*, No. 04-22024-CV-ALTONAGA, 2004 WL 3142552, at *1 (S.D. Fla. Dec. 14, 2004) (quotations omitted), *citing Canadyne–Georgia Corp. v. NationsBank, N.A. (South),* 183 F.3d 1269, 1272 (11th Cir.1999). Hull's claim is so underdeveloped that I cannot say that she would not be able to state a claim after an opportunity to amend.

Sharky's motion is therefore denied insofar as it requests that the Complaint be dismissed with prejudice.

# IV.   <u>CONCLUSION</u>

I find that Hull's Complaint is not yet developed sufficiently to state any claim as a matter of law. To do so, it must plead sufficient factual material to go beyond a mere recitation of the elements of a claim and meet the requirements outlined by the U.S. Supreme Court in *Twombly* and *Iqbal*.

The relief requested in Defendant's Motion to Dismiss Plaintiff's Complaint, with Prejudice (Doc. 8) is **GRANTED IN PART.** Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted leave to file an amended complaint not later than November 19, 2014.

**ORDERED** on November 5, 2014.

**/s/ Richard Smoak**
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**